JOHN CALHOUN, RESPONDENT, *v.* JAMES D. HALLEN, APPELLANT.

*A denial of "every allegation set forth in the complaint, except as herein admitted," is proper.*

An answer denying "each and every allegation set forth in the complaint, except as herein admitted, qualified or explained," contains an authorized form of denial, and should not be stricken out as frivolous.

APPEAL from an order overruling the answer of the defendant herein as frivolous and giving judgment to the plaintiff, and from the judgment entered thereon.

The first paragraph of the defendant's answer admitted certain allegations of the complaint. The second paragraph alleged that as to certain payments "this defendant has not information sufficient upon which to form a belief." The third and last paragraph was as follows: " The defendant further answering denies each and every allegation set forth in the complaint, except as herein admitted, qualified or explained."

*J. D. Hallen*, for the appellant.

*Wm. J. Palmer*, for the respondent.

PER CURIAM:

In *Allis* v. *Leonard* (46 N. Y., 688, reported in full, 22 Alb. Law Jour., 28), it was held, that in an action on a note alleged to have been transferred to the plaintiff, an answer admitting the making

and delivery of the note, and denying every allegation except those expressly admitted, was a good denial of the transfer and authorized the defendant to prove that the note belonged to the payee.

This form of answer, viz.: a denial of everything not admitted, is thus approved of by the Court of Appeals. Here the third clause of the answer is a denial of every allegation set forth in the complaint, except as herein admitted, qualified or explained. We think that the decision of the Court of Appeals clearly authorized the form of denial which is used in this third clause, and that that decision overruled some earlier cases cited by the plaintiff.

For these reasons we think the answer was not frivolous, and that the judgment and order should be reversed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order reversed, with costs.